# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS, INDIANA

| | |
|---|---|
| THERSA OHAEME | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:23-cv-00181 |
| | ) |
| ANDY MOHR AVON NISSAN | ) |
| | ) |
| Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

## JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S. Code § 1981.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on December 2, 2022.

## PARTIES

3. Plaintiff is a Nigeran woman and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. On February 26, 2020, Plaintiff began working for Defendant as a sales professional.

6. Plaintiff was the only Nigerian woman that works as a sales professional.

7. Plaintiff performed her job well.

8. Plaintiff consistently received the most sales of anyone at the dealership.

9. As soon as Plaintiff began working at Andy Mohr, Plaintiff began to experience harassment. While working co-workers began to unplug her computer to impede Plaintiff from doing her job.

10. Plaintiff's computer was the only computer that was being unplugged.

11. Plaintiff informed management and they did nothing.

12. In May 2021, a balloon with a penis drawn on it was placed at Plaintiff's desk.

13. Plaintiff informed management and management said they didn't know who did it so nothing could be done.

14. Plaintiff then informed management that a co-worker was the one who placed the balloon on her chair. However, management did nothing.

15. While working at Andy Mohr, Plaintiff began to be called "Nigerian Nightmare" and "Black Bitch".

16. Plaintiff informed management that Plaintiff was scared for my safety and the safety of my personal possessions. Again, management did nothing.

17. Plaintiff's co-worker began posting videos and pictures of Plaintiff on his personal TikTok account. In the videos he called Plaintiff a "cunt" and posted videos of her falling. Plaintiff informed management and management only told him to take it down and apologize.

18. Management would give Plaintiff's customers and sales to male co-workers because they said Plaintiff had enough sales. However, management never gave Plaintiff any sales.

19. In January 2022, Plaintiff had another talk with management about the harassment and hostile work environment.

20. At first, Plaintiff was told that they would make sure the harassment would stop. However, when Plaintiff had a follow-up conversation with the GM, he informed Plaintiff that he was tired of her complaining and that she was the only person complaining so if she complained again he would need to fire her.

21. Plaintiff was harassed due to her sex and race.

22. Plaintiff was subject to different terms and condition due to her sex, race and national origin.

23. Plaintiff was constructively discharged due to her race, sex, and national origin.

24. Plaintiff was constructively discharged due to engaging in protected activity.

## COUNT I

25. Plaintiff incorporates by reference paragraphs 1-24.

26. Defendant, as a result of constructively discharging Plaintiff due to her gender, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT II

27. Plaintiff incorporates by reference paragraphs 1-24.

28. Defendant, as a result of constructively discharging Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

29. Plaintiff incorporates by reference paragraphs 1-24.

30. Defendant, as a result of sexually harassing Plaintiff due to her gender, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT IV

31. Plaintiff incorporates by reference paragraphs 1-24.

32. Defendant, as a result of constructively discharging Plaintiff due to Plaintiff engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT V

33. Plaintiff incorporates by reference paragraphs 1-24.

34. Defendant, as a result of constructively discharging Plaintiff due to her race, violated 42 U.S. Code § 1981.

## COUNT VI

35. Plaintiff incorporates by reference paragraphs 1-24.

36. Defendant, as a result of constructively discharging Plaintiff due to Plaintiff engaging in protected activity, violated 42 U.S. Code § 1981.

## COUNT VII

37. Plaintiff incorporates by reference paragraphs 1-24.

38. Defendant, as a result of subjecting Plaintiff to different terms and condition Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VIII

39. Plaintiff incorporates by reference paragraphs 1-24.

40. Defendant, as a result of subjecting Plaintiff to different terms and condition Plaintiff due to her gender, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VIIII

41. Plaintiff incorporates by reference paragraphs 1-24.

42. Defendant, as a result of subjecting Plaintiff to different terms and condition Plaintiff due to her national origin, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT X

43. Plaintiff incorporates by reference paragraphs 1-24.

44. Defendant, as a result of constructively discharging Plaintiff due to her national origin, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT XI

45. Plaintiff incorporates by reference paragraphs 1-24.

46. Defendant, as a result of sexually harassing Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT XII

47. Plaintiff incorporates by reference paragraphs 1-24.

48. Defendant, as a result of sexually harassing Plaintiff due to her race, violated 42 U.S. Code § 1981.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

    A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

# REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416