UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THERSA OHAEME, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:23-cv-00181-JMS-KMB |
| | ) | |
| ANDY MOHR AVON NISSAN, | ) | |
| | ) | |
| *Defendant*. | ) | |

**ORDER ON PLAINTIFF'S MOTIONS TO AMEND**

Plaintiff Thersa Ohaeme worked at Defendant Andy Mohr Avon Nissan ("Andy Mohr") as a sales representative.  Throughout her employment, she experienced several events at the hands of managers and coworkers that form the basis of this employment discrimination and harassment lawsuit.  Ms. Ohaeme sued Andy Mohr, asserting twelve claims in total under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981, including: hostile work environment based on sex and race; constructive discharge based on sex, race, and national origin; discrimination based on sex, race, and national origin; and retaliation.  Andy Mohr filed a Motion for Summary Judgment.  [Filing No. 48.]  Two days after submitting her Response in Opposition and Designation of Evidence, [Filing No. 58; Filing No. 59], Ms. Ohaeme filed (1) a First Motion to Amend/Correct Plaintiff's Amended Brief in Opposition to Defendant's Motion for Summary Judgment; and (2) a First Motion to Amend/Correct Designation of Evidence.  [Filing No. 63; Filing No. 64.]  Andy Mohr has opposed Ms. Ohaeme's Motions.  The Motions are ripe for the Court's consideration.

# I.
## BACKGROUND

In the Motions, counsel states that she filed the wrong version of her response brief and evidence.  [Filing No. 63 at 1; Filing No. 64 at 1.]  She also states that she asked Andy Mohr if it objected to the amendment and did not receive a response.  [Filing No. 63.]  She attaches the amended response brief and designation of evidence as exhibits.  [Filing No. 63-2; Filing No. 64.]  The amended response brief includes an extra four-page argument regarding Ms. Ohaeme's Equal Employment Opportunity Commission Charge of Discrimination that was not included in the original response brief and relies on an extra affidavit from Ms. Ohaeme that was not initially relied upon or included.  [Filing No. 63-2 at 27-31; Filing No. 64-14.]

   Andy Mohr objects to Ms. Ohaeme's Motions, noting that Ms. Ohaeme's counsel asked if it objected at 5:51 p.m. on May 6, 2024 and then "without waiting for any reasonable time to respond, filed her Motions a little over an hour later at 7:11 p.m."  [Filing No. 65 at 1.]  It also highlights that in her amended designation of evidence, Ms. Ohaeme attaches her Third Affidavit, dated May 6, 2024.  [Filing No. 65 at 1-2 (citing Filing No. 64 at 14).]  Andy Mohr argues, therefore, that Ms. Ohaeme could not have filed the amended version of her brief on May 4, 2024 "because it contains information she did not even have or sign until two days later."  [Filing No. 65 at 1-2.]  Andy Mohr argues that Ms. Ohaeme's amended brief "has material changes from the original brief," including four pages of new argument and that it appears that, after the deadline, she "decided additional work needed to be done" to her brief.  [Filing No. 65 at 2.]  It highlights that Ms. Ohaeme's amended brief fails to comply with the Court's Local Rules in that it is not double spaced and argues that it is prejudiced because it had already invested significant time analyzing her original brief immediately upon its filing.  [Filing No. 65 at 2-3.]  Andy Mohr also notes that Ms. Ohaeme's Motions put it "in a quandary of having to speculate which Brief [it] must

2

respond to, and in short order." [Filing No. 65 at 3.]  It argues that "[s]hould the new [b]rief be

accepted[,] . . . time and expense to the client will be lost." [Filing No. 65 at 3.]

     In her reply,[1] Ms. Ohaeme asserts that the legal standard for the Court's decision on her

Motions is Federal Rule of Civil Procedure 15(a)(2), which provides that "[t]he court should freely

give leave when justice so requires." [Filing No. 68 at 1.]  She also argues that under Federal Rule

of Civil Procedure 6(a)(1)(C), she was "automatically given" until Monday, May 6, 2024 to file

her response since her original response was due on Saturday, May 4, 2024.  [Filing No. 68 at 2.]

Ms. Ohaeme asserts that her Third Affidavit "was not a newly drafted document nor [an] attempt

to amend the response brief on a rolling basis," but rather "was overlooked and never sent to the

client for signature." [Filing No. 68 at 3.]  She also asserts that the additional arguments were

already in the brief that she had intended to file and that the spacing was "an inadvertent technical

error" due to three attorneys having worked on the brief. [Filing No. 68 at 3.]  She argues that

Andy Mohr's argument regarding prejudice is unpersuasive, and argues, without any citation to

authority, that the law is clear that "when an amended document is filed, that becomes the operative

document," so Andy Mohr's quandary argument is also unpersuasive. [Filing No. 68 at 3-4.]

     Andy Mohr filed a surreply reiterating its position and arguments and filed a reply in

support of its Motion for Summary Judgment based on Ms. Ohaeme's original response. [Filing

No. 67; Filing No. 69.]

---

[1] Ms. Ohaeme's reply is titled Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Brief
in Opposition to Summary Judgment. [Filing No. 68.]  The Court notes, however, that Defendant
did not file a motion to strike.  Rather, it merely filed a response to her Motions.  Ms. Ohaeme's
counsel is cautioned to accurately title filings so as not to create a confusing docket.

## II.
### DISCUSSION

### A.       Motions to Amend

The Court addresses the arguments in the order they were raised.

First, Ms. Ohaeme's reliance on Federal Rules of Civil Procedure 6(a)(1)(C) and 15 is misplaced.  Rule 15 addresses amended and supplemental *pleadings*, and a pleading—defined by an exclusive list set forth in Rule 7(a)—is not at issue here.  Fed. R. Civ. P. 7(a) (defining pleadings as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, and if the court orders one, a reply to an answer); Fed. R. Civ. P. 15.  Additionally, the case law she cites to in reliance on these Rules involves a party seeking to file an amended complaint—not an amended response to a summary judgment motion.  *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015).  Regarding Rule 6(a)(1)(C), it provides that "[w]hen the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Ms. Ohaeme's reliance here is also misplaced because her response was due on May 4, 2024 per the Court's March 28, 2024 Order, [Filing No. 54], and as the 2009 Advisory Committee Notes to Rule 6 instruct, "[t]he time-computation provisions of subdivision (a) apply only when a time period must be computed.  They do not apply when a fixed time to act is set."  Fed. R. Civ. Pro. 6(a) advisory committee's note to 2009 amendment.

Second—and most troubling—Ms. Ohaeme's counsel, Amber Boyd, gave conflicting assertions regarding the Third Affidavit.  In her Motions, Ms. Ohaeme's counsel first states that she filed the wrong version of her response in opposition to Andy Mohr's Motion for Summary Judgment and the wrong version of supporting evidence.  [Filing No. 63 at 1; Filing No. 64 at 1.]

Yet in her reply in support of her Motions after Andy Mohr pointed out that the Third Affidavit had been signed after her original filing, she asserts that it was merely overlooked and not sent to her client originally, and that it was not an attempt to amend her response on a rolling basis. [Filing No. 68 at 3.]  Regardless of whether the Third Affidavit was overlooked or not, the fact remains that it was not signed by Ms. Ohaeme until after the deadline for her response—therefore, it could *not* have been originally filed as counsel originally represented to the Court.  The Court can forgive certain errors or omissions, but it cannot tolerate misrepresentations or untrue statements.  This behavior leaves the Court with serious doubts as to the credibility of Ms. Boyd's full story that all of the arguments were initially made and that she just filed the wrong version accidentally.  The Court **STRIKES** Ms. Ohaeme's Third Affidavit.

Third, the Court takes issue with Ms. Boyd's failure to adhere to the Court's Local Rules and Practices and Procedures.  Regarding the Local Rules, Local Rule 5-1 requires filings to be double spaced—a rule that Ms. Boyd has extensive knowledge of as she has appeared in more than 150 cases in the Southern District of Indiana to date.  Yet Ms. Ohaeme's amended brief is nearly single-spaced.[2]  Moreover, and more importantly, if the amended brief were appropriately double spaced, it would exceed the page limits of Local Rule 7-1(e).  [*See* Filing No. 63-2.]  The Court is entitled to expect strict compliance with its Local Rules, and even if the spacing mishap was overlooked as trivial noncompliance, the would-be length of the correctly spaced brief is fatal because allowing additional pages of argument is fundamentally unfair.  *See Igaski v. Illinois Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 956-57 (7th Cir. 2021) ("As this court has said before, a

---

[2] Oddly, Ms. Ohaeme's original brief was doubled spaced.  [Filing No. 58.]  The Court therefore struggles to believe that the spacing was due to "an inadvertent technical error" when a prior version was appropriately spaced.

district court may strictly, but reasonably, enforce local rules.") (citing *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 n.2 (7th Cir. 2019)).

Regarding the Court's Practices and Procedures, Ms. Boyd has not used the citation form set forth in the Practices and Procedures in either her original response or her amended response, making the Court's review of the pending Motion for Summary Judgment unnecessarily cumbersome and time consuming. [3]  The Court's Practices and Procedures provide:

> In a supporting brief, [the parties must] cite to the docket number, the attachment number (if any), and the applicable .pdf page as it appears on the docket information located at the top of the filed document.  For example:
>
> > Mr. Smith signed an employment agreement with ABC Corporation on May 1, 2012.  [Filing No. 42-8 at 5.]
>
> That citation would refer to page five of attachment eight to the item filed at docket number 42.

[Filing No. 6 at 4.]  The Practices and Procedures further state:

> It is critically important that exhibits be filed before supporting briefs so that citations in supporting briefs are to the docket numbers of the previously-filed exhibits.  This significantly facilitates the Court's review of the motion and briefs as well as the parties' review of the filed materials.

[Filing No. 6 at 4.]  The Practices and Procedures provide additional instructions and examples of the proper citation form in Appendix A.  [Filing No. 6 at 16-18.]

Fourth, the Court notes that Andy Mohr stated that immediately upon the filing of Ms. Ohaeme's original response, it began to work on its reply in support of its Motion of Summary Judgment and that it replied to Ms. Ohaeme's original filing in a timely manner since it did not

---

[3] This is the not first or second case where failure to follow the Court's Practices and Procedures has occurred and where Ms. Boyd has been cautioned to follow the Court's Local Rules and its Practices and Procedures.  *See, e.g.*, *Kelley v. Costco Wholesale Corp.*, 2023 WL 1782688, at *6-7 (S.D. Ind. Feb. 3, 2023); *Jett v. ISS Facility Servs., Inc.*, 2022 WL 1316528, at *2 n.1 (S.D. Ind. May 3, 2022).

know which version the Court would accept.  [*See* Filing No. 67; Filing No. 68.]  Despite Ms. Ohaeme's assertions, this was a reasonable course of action for Andy Mohr for both its client and under the law.  Contrary to Ms. Ohaeme's counsel's unsupported statement (which is a problem in and of itself) that "[i]t is well established that when an amended document is filed [it] becomes the operative document," this proposition does not apply equally across all types of documents.  The main area where this proposition applies is in amended pleadings—again, not applicable here. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.") (citation omitted).  Andy Mohr should not have to guess which version of Ms. Ohaeme's response brief it should address in its reply.

In sum, Ms. Ohaeme's counsel's arguments are unconvincing and at times, troublesome. Yet despite Ms. Ohaeme's counsel's shortcomings, the Court proceeds with the interests of justice at the forefront of its mind, including allowing Ms. Ohaeme to pursue her claims and to not bear the sins of her lawyer.  Therefore, in the interest of justice to Ms. Ohaeme, the Court **GRANTS IN PART** Ms. Ohaeme's First Motion to Amend/Correct Plaintiff's Amended Brief in Opposition to Defendant's Motion for Summary Judgment, [Filing No. 63], subject to the following conditions, which must be strictly adhered to:

- Ms. Ohaeme's counsel is **ORDERED** to re-file the amended brief in response (Filing No. 63-2) by **September 6, 2024**;

- The re-filed amended brief in response shall comply with all of the Court's Local Rules and Practices and Practices, including—for the sake of keeping the docket as clean as possible—citing to the exhibits already on the docket at Filing No. 64 and Filing No. 66, with the exception of Filing No. 64-14 (Ms. Ohaeme's Third Affidavit, which the Court **STRIKES** due to counsel's misrepresentations); and

- The re-filed amended brief in response shall not differ in substance from the amended response attached at Filing No. 63-2 except for:

o the removal of material to comply with the Court's page limits found in the Local Rules and the Court's Practices and Procedures;

o proper citations as established in the Court's Practices and Procedures and as cited above; and

o removal of reliance upon Ms. Ohaeme's Third Affidavit, [Filing No. 64-14].

Because the Court is ordering Ms. Ohaeme's counsel to cite to the exhibits already on the docket at Filing No. 64 and Filing No. 66 (with the exception of reliance upon Filing No. 64-14), Ms. Ohaeme's First Motion to Amend/Correct Designation of Evidence, [Filing No. 64], is **DENIED**.

Andy Mohr is **ORDERED** to file a reply limited to **5 pages** addressing only the additional argument that was included in the amended brief at Filing No. 63-2 at 27-30, to the extent Ms. Ohaeme reasserts the additional argument in the re-filed amended brief, **within 14 days** of Ms. Ohaeme's re-filing of the amended brief in compliance with the above conditions.

Further, due to the dates identified above, the upcoming Final Pretrial Conference scheduled for October 17, 2024 and the upcoming Trial scheduled for November 4, 2024 are **VACATED** to allow the Court sufficient time to rule on Andy Mohr's Motion for Summary Judgment after the filings above have been made. If necessary, the Court will set new dates in due course after the pending summary judgment motion has been decided.

### B.   Sanctions

This ruling, however, does not mean that Ms. Ohaeme's counsel, Amber Boyd, gets away scot-free for her shortcomings. "[D]istrict courts have broad discretion to manage their dockets" and proceedings, *Brooks v. City of Pekin*, 95 F.4th 533, 540-41 (7th Cir. 2024) (citing *Alicea v. Cnty. of Cook*, 88 F.4th 1209, 1218 (7th Cir. 2023)), which includes the "broad discretion to fashion sanctions against litigants," *Mullen v. Butler*, 91 F.4th 1243, 1250 (7th Cir. 2024) (citation

omitted); *Sanders v. Melvin*, 25 F.4th 475, 481 (7th Cir. 2022) (federal district courts have the inherent power to sanction litigants and attorneys for bad-faith conduct); *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) ("[A] court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct.") (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-50 (1991)).  In addition to the Court's inherent authority to issue sanctions, Local Rule 1-3 authorizes the Court to "sanction an attorney or party who files a non-compliant document."

The ultimate sanction is dismissal of the lawsuit with prejudice or a grant of judgment for the opposing party where fraud has been perpetrated upon the Court by a party or counsel, but lesser sanctions such as fines and attorneys' fees may be more appropriate.  *Mullen*, 91 F.4th at 1253 (recognizing the "long-standing rule that courts can impose modest civil monetary sanctions, payable to the clerk, to curb abuses of the litigation process") (citation omitted); *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006) (federal courts' inherent powers include authority to impose fines paid to the court).  Additionally, where counsel makes a misrepresentation to the Court, the imposition of additional continuing legal education credits may also be appropriate. *Mullen v. GLV, Inc.*, 334 F.R.D. 656, 666 (N.D. Ill. 2020) (requiring counsel who made a false statement to the Court to attend "twice the required amount of professional responsibility hours" imposed by the state bar for her next continuing legal education cycle and to certify completion to the Court and stating that, "[t]he Seventh Circuit has recognized the heightened importance of the duty of candor to a court, noting that 'violations of this duty can lead to sanctions even more severe than payment of an opponent's fees and costs'"), *aff'd on other grounds*, *Mullen v. Butler*, 91 F.4th

1243, 1250 (7th Cir. 2024) (second quotation from *Cleveland Hair Clinic, Inc. v. Puig*, 200 F.3d 1063, 1067 (7th Cir. 2000)).

But "[b]efore a court may impose sanctions *sua sponte*, it must give the offending party notice of its intent to do so and the opportunity to be heard." *Vega v. Chicago Bd. of Educ.*, 109 F.4th 948, 954 (7th Cir. 2024) (citing *Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005)). "This is true whether the court is sanctioning a party pursuant to its authority under Rule 11, [28 U.S.C. §] 1927, or its inherent authority. General notices are 'insufficient:' 'the offending party must be on notice of the specific conduct for which she is potentially subject to sanctions.'" *Vega*, 109 F.4th at 954-55 (citation omitted, quoting *Johnson*, 422 F.3d at 551).

Considering Ms. Boyd's misrepresentation to the Court that her amended response could have been filed in its entirety at the same time as her original response and that she did not change anything, which the Court knows to be a misrepresentation since the Third Affidavit was not cited to in the original response nor signed until after the original response was filed, the Court hereby notifies Ms. Boyd that it is considering both monetary and non-monetary sanctions against her. The duty of candor to the Court is foundational and of the utmost importance. *See Mullen*, 334 F.R.D. at 666; *Cleveland Hair Clinic, Inc.*, 200 F.3d at 1067. The Court finds that an appropriate sanction would be to require Ms. Boyd to attend (or re-attend) the 6-hour applied professionalism course required of new attorneys within their first three years of practice, which places a heavy focus on ethics in the law. *Mandatory CLE for New Lawyers*, IN.GOV, https://www.in.gov/courts/ace/lawyer-education/new/ (last visited August 21, 2024); *see also Mullen*, 334 F.R.D. at 666, *aff'd on other grounds*, *Mullen v. Butler*, 91 F.4th 1250.

Lastly, the Court also finds that an appropriate sanction would be to order Ms. Boyd to pay the cost of Andy Mohr's limited reply to the re-filed amended response brief. Andy Mohr should

not have to bear the costs of its additional reply when its course of action in the first place was reasonable.

The above paragraphs constitute notice of the Court's intention to impose sanctions. Ms. Boyd may file a **response not to exceed 4 pages** addressing the Court's intention to impose the sanctions identified above **by September 11, 2024**. *Vega*, 109 F.4th 954 ("Before a court may impose sanctions *sua sponte*, it must give the offending party notice of its intent to do so and the opportunity to be heard.") (citations omitted).

### III.
### CONCLUSION

For the foregoing reasons, the Court rules as follows:

- **GRANTS IN PART** Ms. Ohaeme's First Motion to Amend/Correct Plaintiff's Amended Brief in Opposition to Defendant's Motion for Summary Judgment, [63], subject to the following conditions, which must be strictly adhered to:

    - Counsel is **ORDERED** to re-file the amended brief in response (Filing No. 63-2) by **September 6, 2024**;

    - The re-filed amended brief in response shall comply with all of the Court's Local Rules and Practices and Practices, including—for the sake of keeping the docket as clean as possible—citing to the exhibits already on the docket at Filing No. 64 and Filing No. 66, with the exception of Filing No. 64-14 (Ms. Ohaeme's Third Affidavit, which the Court **STRIKES** due to counsel's misrepresentations); and

    - The re-filed amended brief in response shall not differ in substance from the amended response attached at Filing No. 63-2 except for:

        - the removal of material to comply with the Court's page limits found in the Local Rules and the Court's Practices and Procedures;

        - proper citations as established in the Court's Practices and Procedures; and

        - removal of reliance upon Ms. Ohaeme's Third Affidavit, [Filing No. 64-14];

11

- **DENIES** Ms. Ohaeme's First Motion to Amend/Correct Designation of Evidence, [64], because the Court is ordering Ms. Ohaeme's counsel to cite to the exhibits already on the docket at Filing No. 64 and Filing No. 66 (with the exception of reliance upon Filing No. 64-14);

- **ORDERS** Andy Mohr to file a reply limited to **5 pages** addressing only the additional argument that was included in the amended brief at Filing No. 63-2 at 27-30, to the extent Ms. Ohaeme reasserts the additional argument in the re-filed amended brief, **within 14 days** of Ms. Ohaeme's re-filing of the amended brief in compliance with the above conditions;

- **VACATES** the upcoming Final Pretrial Conference scheduled for October 17, 2024 and the upcoming Trial scheduled for November 4, 2024 to allow the Court sufficient time to rule on Andy Mohr's Motion for Summary Judgment. If necessary, the Court will set new dates in due course after the pending summary judgment motion has been decided;

- **NOTIFIES** Ms. Boyd of the Court's intention to impose the following sanctions:

  - To attend (or re-attend) the 6-hour applied professionalism course required of new attorneys within their first three years of practice, which places a heavy focus on ethics in the law;

  - To pay the cost of Andy Mohr's limited reply to the re-filed amended response brief; and

- Ms. Boyd may file a **response to the proposed sanctions not to exceed 4 pages** addressing the Court's intention to impose the sanctions identified above **by September 11, 2024**.


Date: 8/22/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**